UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHNATHAN PINNEY, also known as GITAPUSHY VAL ANGEL, ) ) ) ) Plaintiff, ) ) ) v. ) ) BRIDGEWATER STATE HOSPITAL, ) et al., ) ) Defendants. ) ) | Civil Action No. 23-cv-11006-FDS |

### ORDER OF DISMISSAL

**SAYLOR, C.J.**

For the second time, *pro se* plaintiff Johnathan Pinney has filed a complaint containing allegations of misconduct against a substantial number of defendants. The complaint seeks an injunction against involuntary administration of medical care and damages, among other remedies.

In March 2023, Johnathan Pinney, also known as Gitapushy Val Angel, filed a complaint against the City of Cambridge, Massachusetts, containing allegations of misconduct. On May 5, 2023, Magistrate Judge Jennifer C. Boal issued a report and recommendation advising that the action be dismissed in its entirety for (1) failure to comply with an earlier order to amend his complaint, (2) failure to prosecute, and (3) failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). That recommendation was adopted, and the case was dismissed. *See Angel v. City of Cambridge*, No. 23-cv-10512 (D. Mass.), ECF No. 18.

Plaintiff has also filed a third complaint in this court containing similarly wide-ranging defendants and claims. *See Pinney v. Police of La Salle, IL*, No. 23-cv-12414 (D. Mass.).

On May 18, 2023, plaintiff filed the present action while in custody at the Bridgewater State Hospital. The named defendants were Bridgewater State Hospital, Dr. Nikhil Matthews, and other staff, who were described but not named.

On July 5, 2023, the Court entered an order directing the clerk to issue summonses for service of the complaint on Dr. Nikhil Matthews and Bridgewater State Hospital and specifying that summonses would not issue as to unnamed defendants.

In violation of the Court's order, plaintiff attempted service on 25 would-be defendants through the United States Marshals Service.

As a result, several improperly-summonsed defendants have filed motions to dismiss, including a Walmart store in Quincy, the Massachusetts Institute of Technology, and the City of Boston. Dr. Nikil Matthews and Bridgewater have also moved to dismiss.

The Prison Litigation Reform Act requires that courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). To state a claim, a *pro se* complaint must comply with Rule 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. When examining the sufficiency of the pleadings, the court considers whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In reviewing the complaint, the court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* The court must liberally construe the pleadings because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Furthermore, plaintiff is proceeding *in forma pauperis*. Where the court determines that an action brought by an *in forma pauperis* plaintiff is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief, the court can dismiss the case. 28 U.S.C. § 1915(e)(2).

Moreover, a court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50 (1991); *accord United States v. Kouri-Perez*, 187 F.3d 1, 6–8 (1st Cir. 1999); *John's Insulation, Inc. v. L. Addison & Assocs.*, 156 F.3d 101, 109 (1st Cir. 1998). It is a long-established principle that the court has the authority to dismiss an action for a party's failure to prosecute or to follow the court's orders. Rule 41(b) expressly authorizes a district court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). Here, where plaintiff has abused the court system by acting directly contrary to court order and wasting court resources, dismissal is appropriate.

The complaint also fails to comport with the pleading requirements of Rule 8 and is implausible on its face. While the complaint has wide-ranging contentions, the main thrust is

3

that doctors and staff at Bridgewater State Hospital have attempted to force him to take drugs and remain at the hospital, as part of a criminal conspiracy to attack plaintiff and prevent the prosecution of those responsible for kidnapping an individual named Heidi Mae Weilmuenster and for operating a human trafficking ring in her name.  (Compl. at 1-2).  Furthermore, it alleges that "[t]he standard staff being witnessed to occupy positions where training or policies are negligently applied against patients for the convenience of staff (ie. illegal use of seclusion and involuntary medication) which [plaintiff] understand[s] has been subject to numerous court actions often involving victims of abuse of process being denied protection of the law as cor[r]upt judiciary compound their crimes then appeal process dismissed as moot as the court process is delayed beyond the order applicability . . . ."  (Compl. at 2).  The claims as to Bridgewater are implausible on their face, and the complaint contains no short and plain statements showing that the plaintiff is entitled to relief as to any other party.

Accordingly, the action is hereby DISMISSED for (1) failure to comply with Rule 8, (2) failure to comply with the Court's July 5, 2023 order, and (3) failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff is cautioned that further filings of a frivolous or implausible nature may result in sanctions, including the issuance of an injunction prohibiting plaintiff from making such filings in the future.

**So Ordered.**

Dated:  December 1, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court